IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIA ANISE GRIFFIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Civil Action No. 23-1162 |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) ) ) |

O R D E R

AND NOW, this 31st day of July, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

1

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff contends that substantial evidence does not support the Administrative Law Judge's ("ALJ") non-disability determination. (Doc. No. 11). Specifically, Plaintiff argues that her residual functional capacity ("RFC") was formulated in error as the ALJ ignored the state agency administration findings despite finding them persuasive, did not incorporate the opined limitation that Plaintiff could only perform one to two step tasks, and rejected her subjective testimony based on highly selective references to the record. (*Id.* at 12-23). After conducting its own careful and independent review of the record, the Court finds that Plaintiff's contentions are without merit.

The ALJ was tasked with analyzing a variety of opinions, including those of the state agency psychological consultants in crafting Plaintiff's RFC. "The ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). *See also* 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c); SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996). "There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). Similarly, there is no legal requirement that the ALJ adopt all findings made by medical sources simply because he finds those opinions persuasive. *See Wilkinson v. Commissioner Social Sec.*, 558 F. App'x 254, 256 (3d Cir. 2014) (citations omitted) (explaining that "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight"). The Court finds the ALJ properly followed this guidance and that his RFC determination is supported by substantial evidence.

Here, the ALJ found the opinions of state agency psychological consultants persuasive after analyzing these opinions in accordance with the applicable regulations. (R. 28). These consultants opined that Plaintiff had a variety of limitations, including moderate limitations in her ability to interact with others, and in adapting or managing herself. (R. 28, Exs. B3A/8, B4A/21). Based on these opined limitations, these consultants found that Plaintiff could complete one to two step tasks on a sustained basis. (R. 28; Exs. B3A/17, B4A/23). The ALJ found these opinions persuasive, stating that their conclusions were consistent with the overall record and that their conclusions were supported by a detailed assessment of Plaintiff's condition and by references to the medical evidence. (R. 28). However, the ALJ stated that these opinions were limited in other respects, explaining:

> Nevertheless, the state agency psychological consultants did not benefit from first-hand knowledge and experience with the claimant's condition.

> They also did not have access to the additional medical evidence available at the hearing level. As a result, the initial stat[e] agency psychological consultant underestimated the impact of her condition on her ability to adapt. At the same time, both examiners overestimated the impact of her condition on her ability to understand, remember or apply information. Furthermore, many aspects of their opinion are inconsistent. For example, they note that the claimant had moderate limitations in her ability to adapt and to interact with others. However, neither opinion contains and social function [sic] or on her ability to adapt to changes, a conclusion that is inconsistent with the previous assessment. As a result, the undersigned incorporated elements of the state agency psychological consultant's opinions into the above residual functional capacity but included modified restrictions more consistent with the totality of the evidence of record.

(R. 28). In this way, the ALJ fully explained why he found these opinions persuasive and why he did not include all of their opined limitations into Plaintiff's RFC. Accordingly, Plaintiff's argument on this point fails.

Additionally, the Court finds no merit in Plaintiff's argument that the ALJ inappropriately rejected her testimony based on selective references to the record. (Doc. No. 11 at 17-23). Specifically, Plaintiff points out that the ALJ rejected her testimony based on the following: (1) her "limited treatment;" (2) her "improvement;" (3) her normal mental status examination findings; and (4) her activities of daily living. (*Id.*). Plaintiff contends that the ALJ mischaracterized her treatment as "limited" even though the record reflects that she had lifetime psychiatric care, including hospitalization, intensive therapy, and medication trials. (*Id.* at 18). Further, Plaintiff argues the ALJ's reliance on her "improvement" depends on her medication compliance, and she contends that her noncompliance is a "medical eventuality." (*Id.* at 19). Plaintiff also posits that the ALJ did not explain how he valued her normal mental status examination findings or considered them in the context of other abnormal findings. (*Id.* at 20-22). Lastly, Plaintiff contends her activities of daily living do not indicate an ability to work full time as the ALJ never addressed that she must make accommodations to her daily life based on her moods and anxiety. (*Id.* at 22-23).

The Court rejects Plaintiff's argument that her subjective complaints were improperly rejected based on selective references to the record. As to her "limited treatment," the Court finds this was not a mischaracterization, as the ALJ is allowed to consider the frequency and extent of treatment when determining the credibility of these complaints. *See* SSR 16-3p, 2017 WL 5180304, at *8 (Oct. 25, 2017) (stating "if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints . . . we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:       Counsel of record

---

record."). Similarly, the ALJ correctly considered the effectiveness of Plaintiff's treatment in evaluating her subjective complaints. *See* 20 C.F.R. § 404.1529(c)(3)(iv), (v) (allowing the ALJ to consider the effectiveness of the claimant's medication and the claimant's treatment in determining the credibility of his or her subjective complaints). Further, the Court finds no merit in Plaintiff's argument that the ALJ impermissibly used evidence of Plaintiff's noncompliance with medication as evidence of non-disability. (Doc. No. 11 at 19). Instead, the ALJ permissibly used evidence of Plaintiff's improvement as one of many bases for discrediting her testimony. (R. 25). Moreover, Plaintiff's improvement while on medication was a valid reason for the ALJ to give less weight to her subjective complaints. *See* 20 C.F.R. § 404.1529(c)(3)(iv). As to the ALJ's evaluation of Plaintiff's normal mental status examination findings, the ALJ correctly considered these findings as one component of the subjective complaints analysis. *See* 20 C.F.R. § 404.1529(c)(2) (stating objective medical evidence "is a useful indicator to assist [the ALJ] in making reasonable conclusions about the intensity and persistency of [the claimant's] symptoms"); SSR 16-3p, 2017 WL 5180304, at *5 (Oct. 25, 2017) (stating "objective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms"). Lastly, the ALJ correctly evaluated Plaintiff's activities of daily living in rejecting her subjective complaints. 20 C.F.R. § 404.1529(c)(3)(i) (stating that daily activities are one of the factors considered in evaluating the intensity and persistence of a claimant's symptoms).

Therefore, all of the factors considered by the ALJ in evaluating Plaintiff's subjective testimony were properly considered. Moreover, the ALJ did not rely on any one of these factors but evaluated all of them in the context of the record as a whole, as he was required to do. Accordingly, Plaintiff's arguments as to these points are without merit.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.